UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZYDUS WORLDWIDE DMCC, <br><br> Plaintiff, <br><br> v. <br><br> TEVA API INC., <br><br> Defendant. | **Civil Action No. 19-17086 (JXN)(JRA)** <br><br> **OPINION** |

**NEALS**, District Judge:

This matter comes before the Court on Plaintiff Zydus Worldwide DMCC's ("Plaintiff") appeal pursuant to Federal Rule of Civil Procedure 72(a) and Local Civil Rule 72.1(c)(1) (ECF No. 229) of the December 11, 2024 Order (ECF No. 226) ("December 11 Order") entered by the Honorable José R. Almonte, U.S.M.J. ("Judge Almonte"). The Court has carefully considered the parties' submissions and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Plaintiff's appeal (ECF No. 229) is **DENIED**, and the December 11 Order (ECF No. 226) is **AFFIRMED**.

## I. BACKGROUND AND PROCEDURAL HISTORY

On March 29, 2022, Plaintiff's expert, Dr. Laura Craft, submitted a report ("Craft report") estimating lost profits under two different scenarios that assume alternative entry dates for Zydus and generic rotigotine ("UCB's Authorized Generic"; "Actavis"; "Mylan"). (ECF No. 202). The scenarios were developed based on opinions and testimony from other expert and fact witnesses.

(*Id.*) However, the assumed entry dates for Actavis and Mylan were incorrect[1]; Actavis and Mylan did not enter the market in January and July 2023. (*Id.*).

On December 12, 2023, Plaintiff and Defendant sent a joint letter (ECF No. 190) to Judge Almonte stating their respective intentions to supplement expert reports and to oppose the proposed supplements.[2] (ECF No. 190). On February 7, 2024, Judge Almonte ordered that the parties wait for a decision on summary judgment before proceeding, and set the following procedure:

> [T]he parties are ORDERED to meet and confer, either in-person or by video conference, and further attempt to resolve their dispute. Specifically, the parties shall attempt to agree to any specific terms and/or subject matter limitations to the proposed supplemental expert reports that would facilitate agreement. By March 1, 2024, the parties shall notify the Court, via joint letter, whether they have resolved their dispute. In the event that the parties cannot resolve their dispute, Plaintiff may seek leave to file a supplemental expert report. Any such motion shall be filed within TWENTY-ONE (21) days of the Court's ruling on summary judgment.

(ECF No. 191).

On March 28, 2024, this Court issued an opinion and order on summary judgment (ECF Nos. 196, 197), starting the clock on the 21-day deadline for Plaintiff to file its motion to supplement.

In compliance with the February 7 Order, Plaintiff filed its motion to supplement certain expert reports on April 18, 2024 (ECF Nos. 201-2). Plaintiff sought permission to supplement four expert reports with events and circumstances that Plaintiff claimed occurred after expert discovery closed. (ECF No. 201). One of which was the Craft report. (ECF No. 202).

---

[1] At the time of appellate briefing, Actavis and Mylan had not launched. The Court has concluded based on its own research and on the fact that it has not been updated otherwise that Actavis and Mylan still have not launched. The Court will proceed accordingly.

[2] Expert discovery closed on October 31, 2022.

1

On December 11, 2024, Judge Almonte granted Plaintiff's motion with respect to one expert report[3] and denied Plaintiff's motion with respect to the remaining three expert reports[4], including the Craft report. (ECF No. 226). With respect to the Craft report, Judge Almonte held that Plaintiff "[was] looking to revise Dr. Craft's assumption [about Actavis' and Mylan's launch dates], rather than supplement it" and "the fact that [the assumption] was off the mark [was] an insufficient basis to allow [supplementation]." (*Id.* at 10). Judge Almonte also attributed Dr. Craft's "failure of omission" to "inadequate or incomplete preparation". (*Id.*).

On December 30, 2024, Plaintiff filed an appeal of the December 11 Order and a brief in support ("Pl.'s Br.") (ECF No. 229). On January 21, 2025, Defendant filed its brief in opposition ("Def.'s Br.") (ECF No. 232). On January 27, 2025, Plaintiff filed its reply brief ("Pl.'s Rep. Br.") (ECF No. 233). This matter is now ripe for consideration.

## II. STANDARD OF REVIEW

Magistrate judges may hear non-dispositive pretrial matters under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). A district court may reverse a magistrate judge's determination of a non-dispositive motion only where it is "clearly erroneous or contrary to law." *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 83 (3d Cir. 1992). "The party filing the notice of appeal bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004) (cleaned up).

---

[3] Judge Almonte granted Plaintiff's motion to supplement a report authored by Dr. Stinchcomb and Mr. Schwartz given the Federal Circuit's decision in *UCB, Inc. v. Actavis Labs. UT, Inc.*, 65 F.4th 679 (Fed. Cir. 2023). The report initially referenced *UCB, Inc. v. Actavis Labs. UT, Inc.*, No. 19-474, 2021 WL 1880993 (D. Del. Mar. 26, 2021) but the case was pending appeal at the time the report was written. The Federal Circuit's decision narrowed the holding of the District Court, which created a material inaccuracy in the report concerning the invalidity of the relevant patent.
[4] The decision to deny supplementation for two of three expert reports – 1) the filing of another patent case in December 2022, and a summary judgment ruling in that case in March 2024, and 2) updated data on the timing of Federal Circuit decisions, including the fiscal year ending September 30, 2023 – are not being appealed.

2

A ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Emps. Mut. Liab. Ins. Co. of Wis.*, 131 F.R.D. 63, 65 (D.N.J.1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied [the] applicable law." *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co., Inc.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000) (citation omitted). Under this standard, a "district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." *Andrews v. Goodyear Tire & Rubber Co., Inc.*, 191 F.R.D. 59, 68 (D.N.J. 2000) (citation omitted). Where an appeal seeks review of a non-dispositive matter within the exclusive purview of the Magistrate Judge, such as a discovery dispute, the "abuse of discretion standard" must be applied. *See Virginia St. Fidelco, L.L.C. v. Orbis Prod. Corp.*, No. 11-2057, 2018 WL 1399304, at *2 (D.N.J. 2018); *see also Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d Cir. 2000) (citations omitted) (analyzing magistrate judges' "discovery orders for [an] abuse of discretion"); *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008) ("Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion."). An abuse of discretion occurs "when the judicial action is arbitrary, fanciful[,] or unreasonable," which means "no reasonable [person] would take the view adopted by the trial court." *Lindy Bros. Builders, Inc. v. Am. Radiator & Std. Sanitary Corp.*, 540 F.2d 102, 115 (3d Cir. 1976) (en banc). "If reasonable [persons] could differ as to the propriety of the action[,]" however, it cannot be said the trial court abused its discretion." *Id.*

### III. DISCUSSION

Plaintiff argues that Judge Almonte's application of Rule 26(e) was erroneous and contrary to law, when holding that Plaintiff could not supplement the Craft report to correct Dr. Craft's inadequately and/or incompletely prepared launch date assumptions. (Pl.'s Br. at 6-7). Plaintiff contends that Dr. Craft could not have accounted for the new information (i.e. Actavis' and Mylan's failure to launch by Dr. Craft's assumed launch date) because the new information became available after the Craft report was complete. (*Id.*). Plaintiff further argues that supplementing expert reports to account for new information–especially new information impacting damages calculations–is a routine practice and should have been permitted in this instance. (*Id.* at 5). Plaintiff also argues that without supplementation it will be unable to seek the full measure of its damages and be materially prejudiced as a result. (*Id.* at 8).

Defendant argues that Judge Almonte did not abuse his discretion. (Def.'s Br. at 9). First, Defendant argues that Plaintiff violated the Federal Rules of Civil Procedure by failing to comply with Rule 26. (*Id.* at 5). Defendant asserts that under Rule 26, each party has a duty to supplement discovery with information made available after discovery closes, which renders their initial disclosure incomplete or incorrect and typically, a party fulfills their duty by handing the report to the opposing party, without taking leave. (*Id.* at 6). Defendant further asserts, the opposing party can move to strike under Rule 37, if they find that party did not comply with Rule 26. (*Id.*). Instead, here, Plaintiff moved to supplement the expert report and did not disclose the proposed supplement, so the Court could not determine if the report corrected a material error; Defendant argues this contravenes the Rules. (*Id.* at 7). Additionally, Defendant argues that Judge Almonte did not abuse his discretion because Plaintiff is proposing a revision, not a supplement to the expert report, which is not permitted under Rule 26(e). (*Id.* at 8).

4

Plaintiff responds that it acted according to the procedure outlined in the February 7 Order (ECF No. 191), and did not commit any procedural defects.[5] (Pl.'s Rep. Br. at 1). Plaintiff asserts that Defendant's argument – that supplementation is improper because the Craft report was not materially incomplete or incorrect – ignores the reasons why the supplement is highly material to damage calculations. (Pl.'s Rep. Br. at 2). Plaintiff also argues that many cases have recognized that supplementation to add new information is proper under Rule 26(e). (*Id.* at 8). Lastly, Plaintiff argues its motion will not create a problem of continuous supplemental and rebuttal reports because Plaintiff is only attempting to submit one supplemental report. (*Id.* at 10).

As a threshold matter, the Court rejects Plaintiff's proposed "contrary to law and clearly erroneous" standard of review. (Pl.'s Br. at 6). The Court instead adopts Defendant's proposed standard of review and will determine whether the December 11 Order is an abuse of discretion. (Def.'s Br. at 4). *See, e.g., Mane Fils S.A. v. Int'l Flavors & Fragrances Inc.*, No. 06-2304, 2008 WL4606313, *3 (D.N.J. Oct. 15, 2008) ("Where the appeal seeks review of a matter within the broad discretion of the Magistrate Judge, such as a discovery dispute, an even more deferential standard, the abuse of discretion standard, is applied."); *Eisai Co. v. Teva Pharm. USA, Inc.*, 629 F. Supp.2d 416, 433-34 (D.N.J. 2009) (quoting *Kresefky v. Panasonic Commc'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996) (noting that a magistrate judge's ruling on non-dispositive matters such as discovery motions are "entitled to great deference and [are] reversible only for abuse of discretion."). Applying this standard of review, the Appeal is denied.

---

[5] Judge Almonte notes that Plaintiff's motion "was clearly filed in accordance with [the] Court's order." (ECF No. 226). The Court agrees and will not address Defendant's argument concerning Plaintiff's alleged procedural defects. (Def.'s Br. at 5).

### i.   Analysis of Rule 26(e)

Parties are obligated to supplement their disclosures and responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e). Supplementation is permitted "when [] expert[s] receive[] newly produced information or discover[] numerical errors in [their] calculations after submitting [their] expert report," for example. *In re Lamictal Direct Purchaser Antitrust Litig.*, No. 12-995, 2022 WL 190651, at *2 (D.N.J. Jan. 21, 2022). However, that newly produced information must not have been available at the time the report was made. *Ezaki Glico Kabushiki Kaisha v. Lotte Int'l America Corp.*, No. 15-5477, 2019 WL 581544, at *3 (D.N.J. Feb. 13, 2019).

Courts within the Third Circuit have repeatedly interpreted Rule 26(e) as a narrow duty, not a license to supplement a previously filed expert report because a party so desires. *Id.*; *see also Dandy v. Ethicon Women's Health and Urology*, 579 F.Supp. 3d 625, 629 (D.N.J. 2022). Rule 26(e) is not intended to benefit the party who has the duty. *In re Lamictal*, 2022 WL 190651, at *2. As such, supplementation is not permitted to deepen or strengthen existing opinions, or add new opinions, data or evidence. *Raritan Baykeeper, Inc. v. NL Industries, Inc.*, No. 09-4117, 2022 WL 815846 at *2 (D.N.J. March 17, 2022) (first citing *Paris v. R.P. Scherer Corp.*, No. 02-1044, 2006 WL 2177253 at *2 (D.N.J. July 31, 2006) then citing *Our Child's Earth v. Leland Stanford Junior Univ.*, No. 13-402, 2015 WL 12964638, at *3 (N.D. Cal. Oct. 29, 2015)). It is also not "a vehicle to permit a party to serve a deficient opening report and then remedy the deficiency through the expedient of a 'supplemental' report." *Lidle v. Cirrus Design Corps.*, No. 08-1253, 2009 WL

6

4907201, at *5 (S.D.N.Y. Dec. 18, 2009); *see also Ezaki*, 2019 WL 581544, at *4 ("Rule 26(e) does not grant experts a second bite at the apple.").

A party must supplement their disclosures in a timely manner. Fed. R. Civ. P. 26(e)(1). "For an expert whose report must be disclosed under Rule 26(a)(2)(B) . . . any additions or changes . . . must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2). Pretrial disclosures under Rule 26(a)(3) are due at least thirty days before trial, unless the court orders otherwise. Fed. R. Civ. P. 26(a)(3). The purpose of Rule 26(e)'s deadline and narrow interpretation is to prevent a "prolong[ed] . . . litigation process with endless updates or discovery revelations." *Raritan Baykeeper*, 2022 WL 815846 at *2. Its ultimate goal is efficient litigation. *Id.*

Plaintiff relies on a host of caselaw to argue that it should be permitted to supplement the Craft report. (Pl.'s Br. at 9). *See Dzielak v. Whirlpool Corp.*, No. 12-0089, 2017 WL 1034197 (D.N.J. Mar. 17, 2017) (permitting plaintiffs to supplement their expert report with defendants' sales data because the data was not made available to plaintiffs' expert when the initial report was created); *Park W. Radiology v. CareCore Nat. LLC*, 675 F. Supp. 2d 314, 326 (S.D.N.Y. 2009) (permitting plaintiffs to update "the share and damages calculations of [the expert's] previous reports with newly available information"); *WhereverTV, Inc. v. Comcast Cable Commc'ns, LLC*, No. 18-529, 2023 WL 2734332 at *2 (M.D. Fla. Mar. 31, 2023) (holding that plaintiff's "prior calculations" were merely updated through the date of trial based on data recently provided by defendant). However, none are truly analogous to Plaintiff's case. Unlike Plaintiff's cited cases, Plaintiff does not attempt to supplement its report with new information or data that was previously withheld, newly produced, or newly discovered. Plaintiff instead seeks to revise its incorrect

7

assumptions[6] about the generics' launch dates with new assumptions about the generics' launch dates. Plaintiff's case is similar to *Ezaki* in this respect. *Ezaki*, 2019 WL 581544, at *3 (D.N.J. Feb. 13, 2019).

In *Ezaki*, defendants supplemented their initial expert report with a material change to its methodology after expert discovery closed and minutes before plaintiffs were scheduled to depose defendants' expert. *Id.* at *2. The court held the supplement was improper because it did not correct an inaccuracy but instead improved defendants' methodology. *Id.* at *4. First, the court determined that the expert used a reliable methodology accepted by damages experts in her initial report, so "her intentional decision to apply [the methodology] [could] not [be] an error or inaccuracy." *Id.* Because there was no inaccuracy, the supplement served to improve, "deepen[,] or strengthen" her existing opinion. *Id.* Next, the court determined that the expert was using Rule 26(e) as an avenue to improve her methodology after plaintiffs' expert criticized it. *Id.* The court noted that "Rule 26(e) does not grant experts a second bite at the apple." *Id.* The court could "only conclude that [the expert's] investigation of the facts underlying her expert opinion was inadequate, a problem that cannot be rectified via Rule 26(e)." *Id.*

Like the *Ezaki* court, the Court cannot find an error or inaccuracy since Plaintiff intentionally relied on its expert-approved assumptions. *Id.* The Court finds that Plaintiff, much like defendants in *Ezaki*, are attempting to revise an "intentional decision" that it made.[7] *Id.* Plaintiff's assumptions were developed on the *opinions* and testimony of its expert and fact

---

[6] Plaintiff, Defendant, and Judge Almonte refer to certain inputs in the Craft report using different words: assumptions, estimates, predictions. While these words all differ slightly in meaning, the Court notes that these words all suggest that the inputs were not "fact" and rely on Dr. Craft's and other experts' opinions. The Court will refer to the inputs as "assumptions" but would reach the same conclusion if the inputs were referred to as estimates or predictions.

[7] While the Court recognizes that Plaintiff is not directly attempting to alter its methodology, the Court nonetheless finds *Ezaki* comparable as both the Ezaki methodology and Plaintiff's assumptions are based on opinions.

8

witnesses.[8] (ECF No. 202). At no point were the assumptions presented as accurate or guaranteed to occur. Plaintiff made the "intentional decision" to rely on the assumptions by instructing Dr. Craft to use them in her report. *Id.*

Additionally, even if the Court were to find that the failed assumptions rendered the Craft report materially incorrect or incomplete, the Court does not find that Actavis and Mylan's failure to launch by the assumed dates constitute new information made available only after the close of expert discovery. Nothing has changed with respect to the launch of the two generics: Actavis and Mylan remain unlaunched just as they were at the time the launch dates were assumed. *See In re Lamictal*, 2022 WL 190651 at *3 (citing *Lockhart v. Willingboro High Sch.*, No. 14-3701, 2017 WL 11465996, at *3 (D.N.J. May 3, 2017) (finding that there was no basis to allow new opinions as supplements because the party did not show that the expert received new information supporting supplementation)). The fact that Actavis and Mylan did not launch by January and July 2023, only becomes important when read in the context of Plaintiff's assumptions. If Plaintiff assumed different launch dates, the fact that Actavis and Mylan did not launch in January and July 2023, would be meaningless.

Judge Almonte's decision to reject Plaintiff's motion for leave to supplement the Craft report was not arbitrary. Plaintiff's assumptions were not materially incomplete or incorrect, and Actavis and Mylan's failure to launch does not constitute information only made available after the close of discovery. Plaintiff's assumptions "missed the mark" and cannot be supplemented. (ECF No. 226 at 10). *See Ezaki*, 2019 WL 581544, at *3 (quoting *In re Asbestos Prods. Liab. Litig. (No. IV)*, 289 F.R.D. 424, 425 (E.D. Pa. 2013) ("Rule 26(e) is not an avenue to correct failures of

---

[8] The Craft report only states that the opinions and testimony of other expert and fact witnesses informed the assumed launch dates. No greater detail about what in the opinions and testimony informed the assumed launch dates is provided.

omission because the expert did an inadequate or incomplete preparation[.]")). Plaintiff could have assumed any date it wanted, and specifically could have assumed a date beyond January and July 2023. *See Scopia Mortg. Corp. v. Greentree Mortg. Co., L.P.*, 184 F.R.D. 526, 530 (D.N.J. 1998) (denying supplementation because the expert "could have addressed the damages issue just as well in his first report as he could now"). Plaintiff cannot take another "bite at the apple" and broaden Rule 26(e) by revising its assumptions. *Ezaki*, 2019 WL 581544, at *4.

### ii. Analysis of Rule 16 and 37

Plaintiff appealed the portion of Judge Almonte's Opinion denying its motion to leave to supplement the expert report of Dr. Craft, including Judge Almonte's Rule 16(b)(4) and Rule 37(c) holdings. (Pl.'s Br. at 1). Judge Almonte held that applying Rule 16(b)(4)'s "good cause" standard to a motion to supplement an expert report would render Rule 26(e) superfluous because Rule 26(e) proscribes a specific standard to assess supplementation. (ECF No. 226 at 10-11, n.4). Even if the court did apply Rule 16(b)(4), the outcome in this matter would be no different than the outcome under Rule 26(e). (*Id.*). Judge Almonte also held that the court was within its discretion not to apply Rule 37(c)(1) and the *Pennypack* factors. (*Id.*). Even if the court did apply Rule 37(c)(1) and the *Pennypack* factors, the proposed supplement is not of such critical nature that Plaintiff is barred from pursuing damages. (*Id.*). Rule 16(b)(4) and Rule 37(c) were only briefly addressed in Judge Almonte's Opinion (ECF No. 226 at 10-11, n.4) and in the briefing before this Court. Thus, the Court will similarly address Rule 16(b)(4) and Rule 37(c).

The Court does not find good cause under Rule 16(b)(4) to allow the Craft report to be revised. *See* Fed. R. Civ. P. 16(b)(4). ("A schedule may be modified only for good cause and with the judge's consent."). While Judge Almonte held that the use of Rule 16(b)(4) would render Rule 26(e) superfluous (ECF No. 226 at 10, n.4), the Court finds that there is caselaw supporting the

10

use of Rule 16(b)(4) when a Rule 26(e) argument is rejected. *See Faiella v. Sunbelt Rentals, Inc.*, 341 F.R.D. 553, 563 (D.N.J. 2022) (declining to admit two new fact witnesses under Rule 26(e) but assessing whether there is good cause for admitting two fact witnesses under Rule 16(b)(4)).

Notwithstanding, the Court does not find that Plaintiff has good cause to revise the assumptions in the Craft report. "Good cause may be satisfied upon a showing that an inability to comply with a scheduling order is due to mistake, excusable neglect or other factors that may account for the failure to comply with a scheduling order." *Id.* at 561. Whether good cause exists depends in part on plaintiff's diligence. *Premier Comp. Solutions, LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020). "To establish good cause under Rule 16, the party seeking the extension must show that the deadlines set forth in the scheduling order 'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Otuska Pharm. Co. v. Aurobindo Pharma Ltd.*, No. 14-3306, 2017 WL 11463663, at *4 (D.N.J. Sept. 15, 2017). Plaintiff was not diligent for the reasons addressed in the discussion of Rule 26(e) – Plaintiff could have assumed a different launch date for Actavis and Mylan. Plaintiff claims that it could not have known at the time the assumptions were made that Actavis and Mylan would not launch by the assumed launch dates. (ECF No. 233 at 2). However, Plaintiff does not note why it could not have assumed that Actavis and Mylan would launch at a later date. Without any answer to this question, the Court cannot find that Plaintiff has good cause to include new assumptions in the Craft report.

Judge Almonte also briefly addressed Rule 37(c) and "the most important *Pennypack* factor" – "the critical nature of the evidence" – but declined to address the remaining *Pennypack* factors. (ECF No. 226 at 11, n. 4). Judge Almonte held that the proposed supplement is not "critical evidence" because it only seeks to correct predictions. (*Id.*). Denying Plaintiff the ability to correct its assumptions does not bar Plaintiff's damages pursuit. (*Id.*).

11

The Third Circuit finds the *Pennypack* factors instructive when deciding whether a district court's exercise of discretion to control the discovery process and its refusal to allow submission of additional evidence constitutes an abuse of discretion. *ZF Meritor, LLC, v. Eaton Corp.*, 696 F.3d 254, 297-98 (3d Cir. 2012) (citing *Trilogy Commc'ns, Inc. v. Times Fiber Commc'ns, Inc.*, 109 F.3d 739, 744-45 (Fed. Cir. 1997) (applying factors similar to those in *Pennypack* to evaluate whether a district court abused its discretion in denying a motion to supplement expert report with additional data)).

Similarly, the Court finds *Pennypack* instructive when evaluating a Magistrate Judge's potential abuse of discretion. The Court weighs the following *Pennypack* factors: 1) the prejudice against the non-moving party; 2) the ability of the non-moving party to cure the prejudice, 3) the extent to which allowing the motion would disrupt the orderly and efficient trial of the case or of other cases in court; 4) any bad faith or willfulness in failing to comply with the court's order; 5) the importance of the excluded evidence. *ZF Meritor*, 696 F.3d at 298. "The importance of the evidence is often the most significant factor." *Id.*

Judge Almonte specifically quotes *ZF Meritor* which found "the most important [*Pennypack*] factor in th[e] case [to be] the critical nature of the evidence, and the consequences if permission to amend is denied." (*Id.*). The Court agrees with Judge Almonte that "Zydus is not being subjected to the 'extreme sanction' of being barred from pursuing damages, but rather it is being barred from correcting predictions with information that Zydus failed to show is material." (*Id.*) The revised assumptions are not material because Plaintiff is not being denied the ability to pursue damages.

12

## IV.    CONCLUSION

For the reasons set forth herein, Plaintiff's appeal of the Magistrate Judge's Order dated December 11, 2024, excluding Plaintiff's supplemental expert report (ECF No. 229) is **DENIED**, and Judge Almonte's December 11 Order (ECF No. 226) is **AFFIRMED**. An appropriate Order accompanies this Opinion.

DATED: July 22, 2025

JULIEN XAVIER NEALS
United States District Judge

13